In the Matter of JOHNNY DAVIS, Respondent-Appellant, v DAVID L. YUNICH, as Chairman and Chief Executive Officer of the New York City Transit Authority, Appellant-Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel David L. Yunich, as Chairman and Chief Executive Officer of the New York City Transit Authority, to restore petitioner to his position of trackman, the parties cross-appeal from an order of the Supreme Court, Kings County, dated December 10, 1976, which, after a hearing at which the court concluded that petitioner had been coerced into resigning, remanded the matter to the transit authority "for a hearing * * * for the petitioner to be heard", and failed to direct that petitioner be reinstated with back pay. Permission for the taking of this appeal is hereby granted by Mr. Justice Shapiro. Order reversed, on the law and the facts, without costs or disbursements, and the transit authority is directed to reinstate petitioner, with back pay, less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received since his resignation, unless, within 10 days

after service upon the transit authority of a copy of the order to be entered hereon, with notice of entry thereof, the authority prefers written charges against petitioner; in the event that the condition is complied with, order affirmed, without costs or disbursements, and the hearing shall be held within 20 days after service of the charges. Although we find that petitioner was not, in fact, coerced into resigning, it does appear that he was misled as to the nature of his rights in a "trial board" hearing and as to whether he could avail himself of such a hearing after he resigned. With respect to the latter question, petitioner was misled by being advised incorrectly by his own union representative, in the presence of the authority's representatives who did not contradict him, that he could resign and "still fight" his case. The interests of justice require that petitioner be given the hearing he has sought since soon after he submitted his resignation, upon formal, written charges. We find no merit to petitioner's claim that he is forthwith entitled to reinstatement with back pay, without giving the authority an opportunity to prefer charges against him. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.